

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2005

# Ronson Corp v. Steel Partners II

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1202

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ronson Corp v. Steel Partners II" (2005). *2005 Decisions.* Paper 1578.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1578

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1202
_____

RONSON CORPORATION; LOUIS V. ARONSON, II;
ROBERT A. ARONSON; ERWIN M. GANZ;
I. LEO MOTIUK; GERARD J. QUINNAN;
JUSTIN P. WALDER; SAUL H. WEISMAN

v.

STEEL PARTNERS II, L.P.; STEEL PARTNERS LLC;
WARREN G. LICHTENSTEIN; JACK HOWARD;
HOWARD M. LORBER; RONALD HAYES; TRAVIS BRADFORD
JOHN DOES, 1-100

Ronson Corporation, Louis V. Aronson,II,
Robert A. Aronson, Erwin M. Ganz,
Gerard J. Quinnan, Justin P. Walder,
Appellants

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cv-02350)
District Judge: Hon. Garrett E. Brown, Jr.

_____

Argued: November 29, 2004
BEFORE: RENDELL, ALDISERT and MAGILL*, Circuit Judges

(Filed: January 6, 2005 )
_____

_____
   * Honorable Frank Magill, Senior Judge of the United States Court of Appeals for
   the Eighth Circuit, sitting by designation.

Kenneth B. Falk
Deutch & Falk LLC
843 Rahway Avenue
Woodbridge, NJ 07095
*Counsel for Appellant*
*Ronson Corporation*

Andrew T. Berry [ARGUED]
Seth T. Taube
McCarter & English, LLP
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102-0652
*Counsel for Appellants*
*Louis V. Aronson II, Robert A. Aronson,*
*Erwin M. Ganz, Gerard J. Quinnan, and*
*Justin P. Walder*

Thomas J. Fleming [ARGUED]
Olshan Grundman Frome
Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022
*Counsel for Appellees*
*Steel Partners II, L.P., Steel Partners, LLC.,*
*Warren G. Lichtenstein, Jack Howard*

Alan Arkin [ARGUED]
Arkin Kaplan LLP
590 Madison Avenue, 35th Floor
New York, NY  10022

_____

OPINION OF THE COURT

_____

MAGILL, <u>Senior Circuit Judge</u>.

Plaintiff-Appellant Ronson Corp. ("Ronson") appeals the district court's order granting Defendant-Appellees Steel Partners II, L.P., Steel Partners, L.L.C., Warren Lichtenstein, and Jack Howard's (collectively "Steel Partners") motion to dismiss and Howard M. Lorber's separate motion to dismiss Ronson's complaint as time-barred. We have jurisdiction under 28 U.S.C. § 1291. For the reasons stated by the District Court, we affirm.

## I.

On March 11, 1998, Steel Partners filed a Schedule 13D to report its ownership interest in Ronson, but it did not check the box to indicate that it was acting as part of a group in acquiring Ronson stock. Steel Partners has filed several amendments to its Schedule 13D, none of which disclose group membership. It is clear from the record that Ronson suspected Steel Partners' participation in a group as early as 1999. In a letter from Ronson's CEO, Louis V. Aronson, II, to Steel Partners' CEO, Warren Lichtenstein, Aronson uses phrases such as "[w]hile you may believe that you and your secret investor group are entitled to special treatment and privileges . . . you and your group have not demonstrated . . . you have boasted to your investor group . . . ." App. at 159.

On May 16, 2003, Ronson filed a complaint alleging that Steel Partners' failure to disclose its group membership violated section 13(d)(3) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78m(d)(3). The district court dismissed the complaint as time-

3

barred because Ronson was on inquiry notice of any alleged group activity since 1999, but it did not file a complaint until May 16, 2003. In doing so, the district court rejected Ronson's argument that Steel Partners' subsequent amendments to its Schedule 13D, two of which were filed within a year prior to Ronson's complaint, constitute new violations and should restart the statute of limitations.

## II.

We review the district court's decision *de novo*. Merle v. United States, 351 F.3d 92, 94 (3d Cir. 2003). A motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000).

Ronson was on inquiry notice, and the statute of limitations period began to run, when it "'discovered or in the exercise of reasonable diligence should have discovered the basis for [its] claim'" against Steel Partners. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1325 (3d Cir. 2002) (quoting Gruber v. Price Waterhouse, 697 F. Supp. 859, 863 (E.D. Pa. 1988)). "Whether the plaintiffs, in the exercise of reasonable diligence, should have known of the basis for their claims depends on whether they had 'sufficient information of possible wrongdoing to place them on "inquiry notice" or to excite "storm warnings" of culpable activity.'" Id. (quoting Gruber, 697 F. Supp. at 864).

4

The basis for Ronson's claim is Steel Partners' nondisclosure of group activity, and Ronson had information as early as 1999 to provide a "storm warning" that the defendants were allegedly acting as a group. Steel Partners, by continuously failing to disclose such group membership, has not committed any new violations. See Green v. Fund Asset Mgmt., L.P., 19 F. Supp. 2d 227, 233 (D.N.J. 1998). Thus, Ronson's complaint is time-barred under both the Securities and Exchange Act's one-year limitations period, 15 U.S.C. § 78r(c), and the Sarbanes-Oxley Act's two-year limitations period, 28 U.S.C. § 1658(b)(1).

Because the District Court correctly granted Steel Partners' motion and Lorber's separate motion to dismiss Ronson's complaint, we will AFFIRM.

_____